IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>v.<br><br>GABRIEL GIGENA,<br><br>                          Defendant. | MEMORANDUM DECISION AND ORDER DENYING THE GOVERNMENT'S MOTION TO INTRODUCE RULE 609 EVIDENCE<br><br>Case No. 2:24-CR-228-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Notice of Intent and Motion to Introduce Rule 609 Evidence if Defendant Testifies at Trial.[1] For the reasons discussed below, the Court will deny the Motion.

On July 11, 2024, Defendant Gabriel Gigena was Indicted for one Count of Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1), 1114. The Indictment followed an alleged incident wherein officers sought to arrest Defendant and, during the encounter, Defendant allegedly placed an officer in a "head lock using his arms" and "employed a lot of force."[2] Trial on this charge is scheduled to begin on April 14, 2025. The government seeks admission of Defendant's prior felonies, pursuant to Rule 609 of the Federal Rules of Civil Procedure, for impeachment purposes if Defendant testifies at trial.

The government asserts that Defendant has previously been convicted of the following felonies: two charges of "Threat with Intent to Terrorize" from 2002; one charge of Sex with a

---

[1] Docket No. 45.

[2] *Id.* at 2.

1

Minor from 2005; one charge of Evading from 2007; and one charge of Distribution of a Controlled Substance from 2007.

Rule 609 provides the standards for admitting evidence of criminal conviction for the purpose of "attacking a witness's character for truthfulness."[3] For felony convictions over ten years old, Rule 609(b) provides that

> Evidence [of a prior felony conviction] is only admissible if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives the adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

As to the second prong, the government filed its Notice on March 21, 2025, and Defendant has responded.[4] Accordingly, the Court finds the second requirement has been met. The Court must then determine whether the probative value of the evidence substantially outweighs its prejudicial effect.

The advisory notes to Rule 609(b) provide that "[a]lthough convictions over ten years old do not have much probative value, there may be exceptional circumstances under which the conviction substantially bears on the credibility of the witness." The notes further advise that "convictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances."[5] However, the Tenth Circuit has given district courts broad discretion to permit

---

[3] Fed. R. Evid. 609(a).

[4] Docket No. 61.

[5] Fed. R. Evid. 609(b) advisory committee's note to 1974 amendment.

the introduction of prior convictions that fall outside of the ten-year period as long as the court properly balances its probative value against its prejudicial effect.[6]

Courts in this Circuit have considered the following factors in determining the admissibility of prior felony evidence for impeachment purposes where the defendant is the witness: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial."[7]

First, regarding the impeachment value of Defendant's prior felony convictions, the government alleges Defendant has been convicted of Threat with Intent to Terrorize, Sex with a Minor, Evading, and Distribution of a Controlled Substance. Prior convictions that required proof of dishonesty for conviction are more probative of a witnesses' credibility than other crimes.[8] Defendant's prior felonies would not have required proof of dishonesty or of a false statement. This factor, therefore, weighs against admission.

---

[6] *See United States v. Jefferson*, 925 F.2d 1242, 1256 (10th Cir. 1991), *cert. denied,* 502 U.S. 884 (1991) ("We will reverse the district court's decision to allow the government to introduce the convictions into evidence only if we find an abuse of discretion.").

[7] *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (applying factors in the context of Rule 609(a)(1) balancing); *see also United States v. Walker,* No. 23-CR-311-JFH, 2024 WL 182285, at *5 (N.D. Okla. Jan. 17, 2024) (applying the same factors in the context of 609(b) balancing); *United States v. Young*, No. CR 17-0694 JB, 2019 WL 133268, at *20 (D.N.M. Jan. 8, 2019) (applying similar factors in Rule 609(b) context); *United States v. Logsdon*, No. CR-12-298-D, 2013 WL 5963012, at *3 (W.D. Okla. Nov. 7, 2013) (same) (citing *United States v. Gilbert,* 668 F.2d 668 F.2d 94, 97 (2d Cir.1981); *United States v. Sims,* 588 F.2d 1145, 1149 (6th Cir. 1978); *United States v. Mahler,* 579 F.2d 730, 734, 736 (2d Cir.1978), *cert. denied,* 439 U.S. 991 (1978)).

[8] *See United States v. Jones*, 254 F. App'x 711, 723 (10th Cir. 2007) ("Rule 609(a)(2) of the Federal Rules of Evidence makes evidence of prior criminal convictions involving 'an act of

Second, the Court considers the dates of the convictions and Defendant's subsequent history. The government alleges that, while Defendant's felonies are dated, Defendant violated his parole in 2011 and has "continued to accrue criminal history, demonstrating that he has not been rehabilitated."[9] Defendant's most recent felony conviction occurred approximately 18 years ago, well outside of the ten-year limit. While the government has alleged generally that Defendant has continued to engage in criminal conduct, the Court is unaware of the details of any subsequent criminal activities. Accordingly, this factor also weighs against admission.

Third, the Court considers the similarity between the past crimes and the current crime as to avoid improper propensity evidence. To offset any prejudicial effect, the government seeks only to ask Defendant about his felony convictions generally, as opposed to naming the crimes and discussing the details of each individual felony. Therefore, this factor weighs in favor of admission.

Finally, the Court considers the importance of Defendant's testimony and the centrality of Defendant's credibility at trial. The government argues that "[t]his case is very likely to become a 'he said/she said' case, with regard to what happened during the alleged assault," which "makes the credibility of the witnesses, especially Defendant, a crucial issue."[10] Considering the government's representation and the evidence anticipated to be introduced at trial, the Court finds that this factor weighs in favor of admission.

---

dishonesty or false statement' the most readily admissible of all prior convictions, presumably because such evidence is highly relevant for the jury in assessing credibility.").

[9] Docket No. 45, at 5.

[10] *Id.* at 4.

Having considered each of the above factors and otherwise balanced the prejudicial effect against the probative value of admitting evidence of Defendant's prior felonies, the Court concludes that, even if the probative value outweighs the prejudicial effect, the probative value does not *substantially* do so. Accordingly, the Court will deny the Motion.

It is therefore

ORDERED that the government's Notice of Intent and Motion to Introduce Rule 609 Evidence (Docket No. 45) is DENIED without prejudice.

DATED this 9th day of April, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge