IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GABRIEL GIGENA,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 29 MOTION<br><br><br>Case No. 2:24-CR-228-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for a Judgment of Acquittal. Following the conclusion of the government's presentation of the evidence in its case-in-chief, on April 15, 2025, Defendant orally moved for a judgment of acquittal under Fed. R. Crim. P. 29(a). The Court orally denied Defendant's Motion. The Court's reasoning for the denial is stated herein.

I.  STANDARD

Fed. R. of Crim. P. 29(a) provides: "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  In considering a sufficiency of the evidence challenge, the Court must "review the evidence and its reasonable inferences in the light most favorable to the government" and "determine whether a reasonable

1

jury could find the defendant guilty beyond a reasonable doubt."[1] The Court must not "weigh conflicting evidence or consider witness credibility."[2]

## II. BACKGROUND

Defendant was Indicted on July 10, 2024, for one count of Assault on a Federal Officer in violation of 18 U.S.C. §§ 111(a)(1), 1114. On August 29, 2024, Defendant entered a plea of not guilty. The Court conducted a jury trial on the charge beginning on April 14, 2025. On the first day of trial, the government presented testimony and evidence from Officer Piekarczyk who testified as follows. Officer Piekarczyk worked as a federal Task Force officer by special designation. On May 4, 2024, he was called in to help effectuate an arrest warrant on Defendant. That day, the Task Force met to strategize about the intended arrest, surveilled the area where Defendant was expected to be, located Defendant at a park with his daughters and other members of his family, and positioned themselves around the parking lot close to where Defendant was located. After some time of surveilling Defendant at the park, Defendant and his family started to leave the park and, in so doing, walked by the vehicle where Officer Piekarczyk was waiting. After Defendant passed the vehicle, Officer Piekarczyk and another officer exited the vehicle for the purpose of making an arrest. Officer Piekarczyk ran after Defendant. As he approached, he knocked Defendant's daughters' hands away from Defendant and tackled him to the ground. Officer Piekarczyk testified that, as they landed on the ground, Defendant put Officer Piekarczyk in a chokehold and would not let go until two other officers pried Defendant's arm away from around Officer Piekarczyk's neck. Defendant was subsequently arrested.

---

[1] *United States v. Ramos-Arenas*, 596 F.3d 783, 786 (10th Cir. 2010) (citing *United States v. Phillips*, 583 F.3d 1261, 1264 (10th Cir. 2009)).

[2] *Id.* (quoting *United States v. Castorena-Jaime*, 285 F.3d 916, 933 (10th Cir. 2002)).

During the course of the trial, the government called five additional witnesses. Each of the witnesses were law enforcement officers who were members of the Task Force and asked to assist in executing the arrest warrant against Defendant on May 4, 2024. Each of the witnesses offered testimony of the arrest from their perspective and generally corroborated Officer Piekarczyk's testimony.

## III.  DISCUSSION

As stated, Defendant is charged in the Indictment with one Count of Assault on a Federal Officer. To prove Defendant guilty of Assault on a Federal Officer, the government must prove beyond a reasonable doubt that (1) Defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a person; (2) that person was a federal officer who was then engaged in the performance of his official duty; (3) Defendant did such acts intentionally; and (4) Defendant made physical contact with the federal officer.[3]

First, the government presented sufficient evidence that Defendant forcibly assaulted, resisted, or interfered with a person. Officer Piekarczyk testified that after he yelled, "Gabriel" and "Police," he tackled Defendant to the ground and, as they fell, Officer Piekarczyk felt Defendant's arm wrap around his neck into a chokehold position. He then testified that he felt Defendant exert "an incredible amount of force" around his neck. Officer Piekarczyk testified that he was able to breathe, but was not able to escape the chokehold despite his efforts and training.

Officer Piekarczyk testified that, in his best estimate, the chokehold lasted 15 to 30 seconds and, during that time, he asked his fellow officers for help and tried to hit Defendant in

---

[3] 18 U.S.C. §§ 111(a)(1), 1114.

the head and face in his efforts to escape the chokehold. Several of Officer Piekarczyk's fellow Task Force officers testified that they observed Defendant with his arm wrapped around Officer Piekarczyk's neck and observed Defendant straining to hold his position. Several also testified that they heard Officer Piekarczyk state "he's choking me" and that he asked for help.

Officer Piekarczyk and his fellow Task Force officers further testified that many officers arrived on scene during the encounter and continually identified themselves as police officers and instructed Defendant to release Officer Piekarczyk, but Defendant would not relent. The Task Force officers further testified that one of Officer Piekarczyk's fellow officers was ultimately able to pry Defendant's arm away from around Officer Piekarczyk's neck. Finally, Officer Piekarczyk testified that he sustained injuries from the encounter, including scrapes, scuffs, a sore neck, a sore back, and headaches. The government introduced images documenting some of the alleged injuries.

Second, the government presented sufficient evidence that the person assaulted was a federal officer engaged in the performance of his official duty. The parties stipulated that an arrest warrant was issued against Defendant on May 3, 2024. Officer Piekarczyk testified that he was called in on his day off to assist in effectuating the arrest warrant. He testified that, on that day, he was working as a Federal Task Force officer by special designation. He further detailed how he and his fellow Task Force members planned and executed the search warrant leading up to the incident in question and, ultimately, Defendant's arrest.

Third, the government presented sufficient evidence that Defendant acted intentionally. Based on the evidence described regarding the first element, a jury could reasonably conclude that Defendant intended to assault, resist, and interfere with Officer Piekarczyk by placing him in a chokehold, applying significant pressure, and not letting go despite Officer Piekarczyk's efforts

to escape and the other Task Force officer's commands that Defendant release Officer Piekarczyk.

Fourth, the government presented sufficient evidence that Defendant made physical contact with the federal officer. The same evidence discussed above is sufficient to support that Defendant made physical contact with the federal officer.

Based on the above analysis, the Court concludes that the government presented sufficient evidence in support of each of the requisite elements to sustain a conviction of Assault of a Federal Officer in violation of 18 U.S.C. §§ 111(a)(1), 1114. Accordingly, the Court denies Defendant's Motion for Acquittal.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant's oral Motion for Acquittal, made April 15, 2025, is DENIED.

DATED this 16th day of April, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge