IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>GABRIEL GIGENA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO FILE LODGED DOCUMENTS<br><br><br>Case No. 2:24-CR-228-TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on Defendant Gabriel Gigena's Motion to File Lodged Documents.[1] For the reasons discussed herein, the Court will grant the Motion in part.

       On April 16, 2025, a jury found Defendant guilty of one Count of Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1), 1114. Following the verdict, Defendant moved to terminate his attorneys and represent himself. Following a *Farretta* hearing, held on June 17, 2025, Defendant was permitted to represent himself and his appointed counsel withdrew.[2] Prior to the trial and during the time between the verdict and the *Faretta* hearing, Defendant filed numerous documents, some of which were couched as motions, which were lodged due to Defendant having appointed counsel at the time they were filed.

       On June 23, 2025, Defendant filed a Motion to File Lodged Documents, requesting the Court's determination of each of the lodged documents.[3] To the extent the Motion seeks the

---

[1] Docket No. 46.

[2] Docket Nos. 97, 98.

[3] Docket No. 101.

Court's consideration of documents lodged before the trial, the Court will deny the Motion. Counsel was appointed to represent Defendant on September 5, 2024. Subsequently, Defendant filed several pro se documents that were lodged.[4] During a status conference held on March 12, 2025, the Honorable Howard C. Nielson explained to Defendant that his filings were lodged and would not be addressed by the Court because Defendant was represented by appointed counsel and all filings must be directed through his counsel. Defendant indicated that he understood and apparently chose to continue trial proceedings with appointed counsel. Defendant did not request to represent himself until after the trial. Defendant is not entitled to a determination of his pretrial filings during the time he accepted appointed counsel's assistance.

To the extent the Motion seeks the Court's determination of each of the documents lodged after the jury verdict, the Court will grant the Motion. The Court will address each of the post-trial lodged documents as a motion in a separate order.

To the extent Defendant seeks a determination that the government's failure to address the previously lodged documents results in an "acquiesce[nce] to all factors, violations, and relief requested," the Court denies the Motion. The government had no responsibility to respond to a lodged document, as Defendant indicated he understood at the March 12 status conference. The government has since filed a response to Defendant's lodged filings.[5]

It is therefore

ORDERED that Defendant's Motion to File Lodged Documents (Docket No. 101) is GRANTED in part and DENIED in part.

---

[4] Docket Nos. 13, 14, 19, 20, 23, 27, and 28.
[5] Docket No. 103.

DATED this 21st day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge