IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL GIGENA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S POST-TRIAL MOTIONS<br><br>Case No. 2:24-CR-228-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on numerous Motions and Notices filed by self-represented Defendant Gabrial Gigena, following his conviction by jury verdict on April 16, 2025.

## I. BACKGROUND

On April 16, 2025, a jury found Defendant guilty of one Count of Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1), 1114. Following the verdict, Defendant moved to terminate his attorneys and represent himself. Following a *Farretta* hearing, held on June 17, 2025, Defendant was permitted to represent himself and his appointed counsel withdrew.[1] During the time between the verdict and the *Faretta* hearing, Defendant filed numerous documents, some of which were couched as motions, that were lodged due to Defendant having appointed counsel at the time they were filed. Following a motion by Defendant, the Court agreed to consider and address each of the documents lodged after the trial as motions. The Court does so herein.

---

[1] Docket Nos. 97, 98.

## II. DISCUSSION

The Court notes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[2] Therefore, "if the [C]ourt can reasonably read the pleadings to state a valid claim on which [Defendant] could prevail, it [will] do so despite [any] failure [by Defendant] to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements."[3] However, it is not the Court's "proper function . . . to assume the role of advocate for the pro so litigant."[4] Therefore, the Court will not construct legal theories or supply unasserted facts on Defendant's behalf.[5] The below analysis represents the Court's best interpretation of Defendant's filings.

### A. NOTICES AND RULE 51 FILINGS

Defendant's "Notice of Conflicts of Interest,"[6] filed on April 23, 2025, does not appear to seek any action or determination by the Court. The Court will, accordingly, not address this document further. Similarly, Defendant's Rule 51 Preserving Claimed Errors[7] and Rule 51 Preserving Claimed Errors Second Round Errors[8] do not appear to appear to seek any action or determination by this Court. Instead, they appear only to seek preservation of numerous objections to perceived errors of the trial proceedings, and make a record of perceived bias and

---

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *Id.*

[4] *Id.*

[5] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[6] Docket No. 80.

[7] Docket No. 81.

[8] Docket No. 86.

misconduct on the part of those involved in Defendant's trial, including this Court. These filings appear directed toward an appeal. Accordingly, the Court will not address these documents further.

Regarding, Defendant's Rule 51 Preserving Claimed Errors Third Round of Error Specific to Judge Stewart,[9] it is unclear if Defendant is seeking only to preserve errors, or if he is seeking some action by the Court. This filing accuses this Court of judicial misconduct. As best as the Court can understand, Defendant takes issue with the Court's recusal from civil proceedings in which he is the plaintiff,[10] and "self reassignment" to the instant criminal case, which, Defendant asserts, was done to manipulate the outcome of the criminal trial.

To the extent Defendant seeks this Court's recusal from the case, the Court declines to do so. 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned." "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality."[11] However, "[a] trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true."[12]

Defendant asserts no legitimate basis on which the Court should have recused or should now recuse. This Court agreed to preside over Defendant's case at the request of the Judge originally assigned to the case, due to that judge having an unavoidable scheduling conflict and

---

[9] Docket No. 87.

[10] *See* Docket Nos. 13, 14, 19, 20, 23, 27, and 28.

[11] *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000).

[12] *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

the parties' desire for the trial to proceed on or before the date the trial was then scheduled. The Court made the parties aware of this during the final pretrial conference, which was the first hearing this Court presided over.[13] Neither party objected. Upon reassignment to the criminal case, the Court recused from the related civil case.[14] This was done to avoid any question of impartiality in the civil proceeding. At the time of the recusal, the Court had not reviewed or considered any matters in the civil proceeding, aside from conducting a routine conflicts check. The Court's recusal from the associated civil proceedings does not provide a basis for recusal in this case.

Defendant also asserts that the Court conspired to withhold exculpatory information from the jury, however he fails to identify any exculpatory evidence that was excluded. In fact, the Court did not deny any motion or request to admit evidence by the Defendant, either before or during trial. The only requested evidence excluded during trial was evidence sought to be admitted by the government. To date, the Court is unaware of the existence of exculpatory evidence in this case. Therefore, this argument does not provide a basis for recusal.

To the extent the Defendant seeks disqualification under 28 U.S.C. § 144, Defendant's filing is insufficient. Section 144 provides in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at

---

[13] Docket No. 47.

[14] *See* Docket No. 40 (case reassigned to Judge Ted Stewart); *Gigena* v. *Calaveras Cnty of California*, 2:24-cv-963, Docket No. 9 (Judge Ted Stewart's order of recusal).

which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith

"An affidavit must comply with § 144 before it can effectively disqualify a judge."[15] Defendant has not complied with the requirements stated in § 144. Further, even accepting the assertions stated in the filing as true, the Court's disqualification is improper. "The simple filing of an affidavit does not automatically disqualify a judge."[16] To require disqualification of the judge, the affidavit "must contain more than mere conclusions. They must show facts indicating the existence of a judge's personal bias and prejudice."[17] For the reasons discussed above, Defendant's filing fails to include such facts. Because Defendant has failed to both comply with § 144 procedural requirements and allege sufficient facts in support of disqualification, the Court will not disqualify itself.

B. MOTION FOR ACQUITTAL

Defendant filed a Motion, Amended Motion, and Supplemental Motion in support of a Judgement of Acquittal under Rule 29.[18] A Rule 29 motion, or renewal of such, must be brought within 14 days after a guilty verdict.[19] After Defendant's request to represent himself was granted, he filed a Motion requesting that all lodged documents be considered as filed on the date they were lodged.[20] Defendant's Rule 29 Motion was filed on May 8, 2025, which is 22 days

---

[15] *Bray*, 546 F.2d at 857.

[16] *Id.*

[17] *Id.*

[18] Docket Nos. 88, 90, and 91.

[19] Fed. R. Crim. P. 29(c)(1).

[20] Docket No. 101.

after Defendant's guilty verdict. The Motion is therefore untimely. Even considering the substance of Defendant's Rule 29 Motions, however, the Motion fails to justify acquittal.

Defendant argues he is entitled to acquittal: (1) for the reasons stated in the above-discussed Rule 51 filings; (2) for the reasons discussed in his pretrial filings, which were lodged; (3) because the officer involved in his case was not a "federal officer;" (4) because the Court failed to provide the jury with a self-defense instruction; and (5) because Jury Instruction No. 15 improperly expanded the scope of the Indictment without a grand jury.

Many of these assertions, even taken as true, would not support a judgement of acquittal. An acquittal is appropriate under Rule 29, only when the government presents insufficient evidence as to each of the requisite elements of a charge at trial.[21] Defendant's arguments are likely more properly considered in the context of a motion for a new trial under Federal Rule of Criminal Procedure 33(a),[22] which provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Generally, new trials are disfavored and courts are instructed to exercise great caution before granting them.[23] In determining whether a new trial is justified, courts consider whether there has been an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.[24] For

---

[21] Fed. R. Crim. P. 29(a) ("After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.").

[22] Defendant's Motion would also be untimely if asserted as a motion for a new trial, which must be brought within 14 days of trial, absent newly discovered evidence. Fed. R. Crim. P. 33(b).

[23] *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).

[24] *United States v. Sims*, 252 F. Supp. 2d 1255, 1260 (D.N.M. 2003) (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *United States v. Prince*, 167 F. Supp. 2d 1296, 1300 (D. Kan. 2001)).

sake of completeness, the Court will consider Defendant's arguments under both Rule 29 and Rule 33.

  1. *Preserved Error Filings*

In Docket No. 80, Defendant generally asserts that his counsel committed insubordination and violated his constitutional rights, and that both this Court and the prosecuting attorneys had a conflict of interest, committed errors with malice, and conspired against Defendant's constitutional rights. These allegations are generally unsupported and do not justify acquittal or a new trial.

Docket No. 81 raises numerous "objections." Objection 1 asserts he was wrongfully prohibited from testifying at trial. However, during trial, on the morning of April 16, 2025, the Court informed Defendant in no uncertain terms that Defendant had a constitutional right to testify or not to testify, that it was entirely up to him to decide for or against it, and he had a right to do so against the advice of his counsel. Defendant indicated that he understood. Later that day, before the close of evidence, the Court asked Mr. Gigena if he intended to testify. Mr. Gigena indicated he would not testify and was "reserving his right" to do so. At no point did Defendant indicate he had changed his mind and wished to testify until after the guilty verdict.

Objection 2 argues that the Court erred in not instructing the jury as to self-defense. Defendant did not request a self defense instruction prior to trial, or argue self-defense at trial.[25] The Court, therefore, finds no error in failing to provide such an instruction.

---

[25] *United States v. Walker*, 130 F.4th 802, 806 (10th Cir. 2025) ("To preserve an objection to jury instructions, a party 'must inform the court of its specific objection and the grounds for the objection before the jury retires to deliberate.'") (quoting Fed. R. Crim. P. 30(d)).

Objections 3 through 5 relate to the jury. Defendant first asserts that one member of the jury, who was not empaneled, was a family member of the chief US Marshal and tainted the jury pool. Defendant does not explain how this juror tainted the entire jury pool and why he believes such occurred. The Court does not otherwise have a reason to suspect the empaneled jury was tainted or impartial. Next, Defendant asserts a juror was "suspiciously" removed from the jury panel resulting in a jury that was without diversity. Again, without more detail as to the basis of Defendant's concern, the Court cannot find an error occurred during jury selection. Notably, Defendant did not object to the empaneled jury at trial. Finally, Defendant asserts the jury had access to excluded materials on the docket, which caused them to be impartial. The Court instructed the jury not to perform any independent research of the case. The Court gave this instruction at the end of each trial day and confirmed the following morning that the jury members had followed this instruction. Defendant's assertions do not support that any of the jury members improperly accessed the court docket or were otherwise biased.

Objection 6 asserts speedy trial act violations. First, he asserts his Indictment was untimely. An indictment must be filed within 30 days of the Defendant's arrest.[26] Here, Defendant's arrest warrant was issued after the Indictment and was, accordingly, timely. The arrest that occurred as a result of the warrant issued by the state of California and which gave rise to the charges in this case does not factor into the Court's speedy trial calculation. Next, regarding the trial timing, the Court has carefully reviewed the docket and, for the reasons

---

[26] 18 U.S.C. § 3161(b).

explained by the government in their response,[27] the Court finds no Speedy Trial Act violation occurred.

"In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant."[28] If the length of delay is not "presumptively prejudicial," the Court need not consider the remaining the factors.[29] The Tenth Circuit has held that a delay of less than about 12 months is not presumptively prejudicial.[30] Defendant was tried well within a year of the issuance of both his Indictment and federal arrest warrant.[31] Accordingly, Defendant's delay is not presumptively prejudicial and the Court need not consider the remaining factors. Even if the Court were to consider the remaining factors, the Court finds they each weigh against finding a violation of Defendant's right to a speedy trial where each continuance was requested by Defendant pursuant to the ends-of-justice, and Defendant has not asserted any specific prejudice he suffered as a result of the continuances.[32]

In objections 7 through 25, Defendant raises numerous objections related to his counsels' purported failure to follow his directives, failure to raise certain defenses, and other perceived

---

[27] Docket No. 103, at 5–8.

[28] *United States v. Abdush-Shakur*, 465 F.3d 458, 464 (10th Cir. 2006).

[29] *Id.* at 465.

[30] *United States v. Nixon*, 919 F.3d 1265, 1270 (10th Cir. 2019) ("The bare minimum for judicial examination would consist of the period of roughly twelve months.") (internal quotation marks and citation omitted).

[31] *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004) (holding that the length of the delay is measured from "when the defendant is arrested or indicted, whichever comes first").

[32] *See* 18 U.S.C. § 3161(h)(7)(A).

failures of behalf of his counsel. The Court will interpret these objections as a claim of ineffective assistance of counsel. The Tenth Circuit has "insist[ed] that, except in extraordinary circumstances, defendants must bring ineffective assistance of counsel claims in collateral proceedings" rather than in motions for a new trial.[33] Accordingly, the Court will not consider Defendant's ineffective assistance of counsel arguments at this stage of the proceedings.

Objection 26 appears to assert a violation of Defendant's First Amendment right to free exercise of religion. The basis of the violation is entirely unclear to the Court and the Court is not otherwise aware of any basis on which the Defendant's First Amendment rights could have been violated during the proceedings.

Docket No. 86 largely asserts additional or repeated complaints against Defendant's counsel. As discussed above, the Court will treat these objections as a claim for ineffective assistance of counsel, which is best asserted in collateral proceedings. The final objection states that the government lacks standing to bring a charge against Defendant, though the legal basis of the assertion is not clear. 28 U.S.C. § 547 provides that "each United States attorney, within [their] district, shall . . . prosecute for all offenses against the United States." Defendant was charged with and convicted of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), 1114, which is a federal offense. Accordingly, the Court sees no basis to question the government's standing in this case.

---

[33] *United States v. Carbajal-Moreno*, 136 F. App'x 163, 167 (10th Cir. 2005) (upholding district court's denial of motion for new trial based on ineffective assistance of counsel as "stem[ing] directly from [Tenth Circuit] precedent").

Docket No. 87 accuses this Court of judicial misconduct. This filing has been addressed above. For substantively the same reasons the Court declines to recuse or disqualify itself, the Court finds these arguments do not serve as a basis for a new trial.

2. *Pretrial Filings*

Defendant filed several documents which were lodged before trial commenced.[34] Defendant had appointed counsel during this time and the Court has previously determined that it would not consider arguments raised in these filings. Out of an abundance of caution, the Court reviewed the each of the pre-trial lodged documents in search of any arguments that could support a new trial or acquittal. The Court found none that have not been addressed herein.

3. *The Officer Involved*

Defendant argues that his charges must be dismissed because the government did not prove that Officer Piekarcyzk, the officer he was convicted of assaulting, was "a federal officer."[35] Defendant further asserts that Officer Piekarcyzk stated that Sandy City, the police agency that employed Officer Piekarcyzk, did not have a memorandum of understanding with the U.S. Marshals and, therefore, he could not have been a federal officer.[36]

The jury was instructed as to the elements of the charged offense. This included instructing that, to find Defendant guilty, the jury must find beyond a reasonable doubt that the person assaulted "was a federal officer who was then engaged in the performance of his official duty." The jury found Defendant guilty after having been given this instruction. Further, the

---

[34] Docket No. 90, at 2.

[35] *Id.* at 6.

[36] Docket No. 91, at 2.

Court found that the government presented sufficient evidence to support this element. During trial, Officer Piekarczyk testified that he was called in on his day off to assist in effectuating the arrest warrant. He testified that, on that day, he was working as a Federal Task Force officer by special designation. He further detailed how he and his fellow Task Force members planned and executed the search warrant leading up to the incident in question and, ultimately, Defendant's arrest. Defendant has not provided, and the Court is not aware of, any legal authority that would require the existence of a memorandum of understanding between Sandy City and the Federal government for this element to be met.

    *4. Self-Defense Instruction*

Defendant again argues he should be acquitted because the Court failed to instruct the jury as to self defense.[37] As previously discussed, Defendant did not request a self defense instruction and did not argue self-defense at trial.[38] "A party cannot use a motion [for a new trial] to raise arguments or evidence that should have been raised in the first instance."[39] The Court understands that Defendant was, at the time of trial, represented by counsel who he now claims was ineffective. However, as discussed above, the effectiveness of Defendant's counsel is not an issue for determination at this time. As such, the Court is not positioned to determine whether Defendant's Counsel's failure to assert self-defense is so prejudicial as to justify a new trial.

---

[37] Docket No. 90, at 2.

[38] *See Bros. v. Johnson*, 105 F.4th 1279, 1284 (10th Cir. 2024) ("To preserve an objection to jury instructions on appeal, the objection at the district court must distinctly state the matter objected to and the grounds for the objection.") (internal quotation marks and citation omitted).

[39] *Barrett v Fields*, 941 F. Supp. 980, 984 (D. Kan. 1996).

5. *Jury Instruction No. 15.*

Defendant asserts that Jury Instruction No. 15 erroneously expanded the scope of and amended the Indictment.[40] "The Constitution does not forbid all amendments of an indictment, but only those that effectively subject a defendant to the risk of conviction for an offense that was not originally charged in the indictment."[41] Instruction No. 15 was modeled after the Tenth Circuit's Pattern Criminal Jury Instruction 2.09, and instructed to the jurors as to the elements of a violation of 18 U.S.C. § 111(a)(1). While the instruction includes language beyond what is included in the Indictment, the additional language provided further explanation of the law to be applied by the jury in assessing the requisite elements. The Court finds the instruction does not run the risk of subjecting Defendant to conviction for an offense not charged in the Indictment, alter the essential elements improperly, or otherwise prejudice Defendant.

C. DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS[42]

This filing appears to dispute the Magistrate Judge's determination on May 5, 2025, denying Defendant's motion for new counsel and delaying a *Faretta* hearing.[43] Defendant has since been allowed to represent himself, as he requested. Defendant's arguments are, therefore, seemingly moot.

---

[40] Docket No. 90, at 2–6.

[41] *United States v. Wacker*, 72 F.3d 1453, 1474 (10th Cir. 1995), *modified* (Mar. 11, 1996) (internal quotation marks and citation omitted); *see also United States v. Kalu*, 791 F.3d 1194, 1206–07 (10th Cir. 2015) ("The use of the term 'knowingly participated' instead of 'devised or intended to devise' did not alter any of the essential elements of a § 1341 offense, nor did it prejudice [the] defense at trial.").

[42] Docket No. 93.

[43] Docket No. 89.

## D. DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION[44]

Defendant asserts that the Court lacks subject-matter jurisdiction, that the government lacks standing to bring the suit, and that Defendant is entitled to "Tribal Immunity" from suit. The Court has carefully reviewed Defendant's arguments and points of authority and finds them unpersuasive. For the reasons stated previously, the government has standing to bring this criminal prosecution. Further, for the reasons in the government's response,[45] the Court finds it has jurisdiction over this matter and that Defendant is not entitled to immunity.

## III. CONCLUSION

For the reasons discussed herein, the Court will deny each of the above-discussed Motions filed by Defendant.

SO ORDERED

DATED this 21st day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[44] Docket No. 95.

[45] Docket No. 103, at 3–4.