IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>GABRIEL GIGENA,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION AND MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:24-CR-228-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Gabrial Gigena's Emergency Motion for Discovery and Enforcement of Brady Orders and Oral Motion for Discovery Granted on August 29, 2024,[1] and Motion for Summary Judgment on the Emergency Motion.[2] For the reasons discussed below, the Court will deny the Motions.

I.  BACKGROUND

On April 16, 2025, a jury found Defendant guilty of one Count of Assault on a Federal Officer, in violation of 18 U.S.C. §§ 111(a)(1), 1114. Following the verdict, Defendant was permitted to represent himself and his appointed counsel withdrew.[3] The Court subsequently considered and denied numerous motions filed by Defendant, including a motion for a new

---

[1] Docket No. 116.

[2] Docket No. 118.

[3] Docket Nos. 97, 98.

1

trial.[4] Defendant now moves the Court to allow for discovery of purported exculpatory documents and evidence and seeks enforcement of *Brady* orders.

## II. DISCUSSION

The Court notes at the outset that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5] Therefore, "if the [C]ourt can reasonably read the pleadings to state a valid claim on which [Defendant] could prevail, it [will] do so despite [any] failure [by Defendant] to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements."[6] However, it is not the Court's "proper function . . . to assume the role of advocate for the pro so litigant."[7] Therefore, the Court will not construct legal theories or supply unasserted facts on Defendant's behalf.[8] The below analysis represents the Court's best interpretation of Defendant's arguments.

There is no procedural mechanism by which the Court could order discovery at this stage in the proceedings where the trial has concluded and a verdict was rendered. Accordingly, the Court will consider Defendant's request for discovery as a request for a new trial.

Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Generally, new trials are

---

[4] *See* Docket No. 111.

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

[7] *Id.*

[8] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

disfavored and courts are instructed to exercise great caution before granting them.[9] In determining whether a new trial is justified, courts consider whether there has been an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.[10]

A motion for a new trial must be brought within 14 days of trial, absent newly discovered evidence.[11] Defendant's Motion is therefore untimely. Even considering the substance of Defendant's motion, however, the Court finds that a new trial is not in the interests of justice. Defendant's Motion argues generally that (1) the government failed to provide discovery that Defendant requested prior to trial; and (2) the government failed to disclose exculpatory evidence in violation of *Brady*.[12]

First, Defendant asserts that he requested certain evidence from the U.S. Marshals, which was never received. Defendant appears to have requested this evidence directly from agencies via a public records request under the Freedom of Information Act ("FOIA"). A FOIA request and any denial thereof is wholly unrelated to the discovery requirements in this case, which are governed by the Federal Rules of Criminal Procedure. Any wrongful denial of a FOIA request, therefore, cannot serve as the basis for a new trial. Defendant also noted that he filed a notice of noncompliance on this docket related to not receiving records in relation to his

---

[9] *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).

[10] *United States v. Sims*, 252 F. Supp. 2d 1255, 1260 (D.N.M. 2003) (citing *Major v. Benton,* 647 F.2d 110, 112 (10th Cir. 1981); *United States v. Prince*, 167 F. Supp. 2d 1296, 1300 (D. Kan. 2001)).

[11] Fed. R. Crim. P. 33(b).

[12] *See Brady v Maryland*, 373 U.S. 83 (1963).

FOIA request.[13] As noted in a previous order,[14] before his trial, Defendant was made aware that any filings he submitted personally while he was represented by counsel would be lodged and, therefore, would not require a response from the government or a ruling from the Court. Defendant indicated that he understood this and elected to move forward with counsel. Therefore, the government's failure to respond to Defendant's purported discovery request does not justify a new trial.

Defendant also argues the government failed to disclose exculpatory evidence in violation of *Brady*. "To establish a *Brady* violation, a defendant must show the government suppressed material evidence that was favorable to him. Mere speculation about whether evidence would have been favorable to the defendant is insufficient to support a *Brady* claim."[15] Regarding materiality, Defendant seems to argue that the undisclosed evidence would have shown that Officer Piekarcyk, the officer that Defendant was convicted of assaulting, was not a federal officer and is, therefore, not protected under 18 U.S.C. §§ 111(a)(1), 1114. He also argues that the evidence would show that the prosecutor engaged in perjury during the trial to obtain an unlawful verdict against Defendant.

In his Motion, Defendant provides a list of documents that he argues were not provided by the government, including "the [a]pplication for the USMS Special Deputy" and approval, the Oath Form, the MOU between the USMS and the employing agency, and other documents.

---

[13] Docket No. 28.

[14] Docket No. 110, at 2.

[15] *United States v. Anderson,* 62 F.4th 1260, 1271 (10th Cir. 2023) (internal quotation marks and citations omitted).

It is not clear if these documents exist. Assuming they do, Defendant has not demonstrated that these documents would be material or favorable to his case.

18 U.S.C. § 111(a)(1) imposes criminal penalties on a person who "forcibly assaults, resists, . . . or interferes with any person designated in section 1114" while that person is engaged "the performance of official duties." Section 1114 "protects 'any officer or employee of the United States or of any agency in any branch of the United States Government while such officer or employee is engaged in or on account of the performance of official duties, *or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.*'"[16]

"Section § 111 is 'intended to protect both federal officers and federal functions.'"[17] As such, the person assaulted does not need to be a formal federal employee to be protected under the statute. For example, the Tenth Circuit has found that:

> a probation officer orally employed by a United States Marshal to assist in the transportation of a federal prisoner was protected under § 111. Similarly, [the Tenth Circuit has] held a city police detective deputized to participate in a federal investigation was cloaked by §§ 111 and 1114. [They have also] concluded a private citizen, killed while helping a federal employee plot a fence funded and approved by a federal agency, was assisting a federal employee while engaged in or on account of the performance of official duties.[18]

In this case, the evidence at trial supported that, on the day in question, Officer Piekarcyk was employed as a federal Task Force officer by special designation to effectuate an arrest warrant on Defendant. Further, the evidence supported that numerous federal officers

---

[16] *United States v. Ama*, 97 F. App'x 900, 901 (10th Cir. 2004) (quoting 18 U.S.C. § 1114).

[17] *Id.* at 902 (quoting *United States v. Feola,* 420 U.S. 671, 679 (1975)).

[18] *Id.* (internal quotation marks and citations omitted).

were working on the Task Force that day for the purpose of arresting Defendant. Finally, the evidence supported that Defendant placed Officer Piekarcyk in a choke hold after Officer Piekarcyk tackled Defendant for the purpose of making the arrest.

Based on the above-described Tenth Circuit guidance and the evidence presented at trial, the Court finds that Defendant has not demonstrated that any of the alleged documents purportedly undisclosed by the government would demonstrate that Officer Piekarcyk was not protected under §§ 111(a)(1) and 1114. Even if, as Defendant seems to argue, the documents would show that Officer Piekarcyk was not an official federal officer due to some technicality or administrative error, this would not undercut the undisputed evidence presented at trial supporting that Officer Piekarcyk was assisting federal officers in the performance of official duties when he sought to arrest Defendant. Accordingly, the purported evidence Defendant alleges was wrongfully withheld would not be material to Defendant's case.

Based on this analysis the Court finds that Defendant has failed to demonstrate that he is entitled to a new trial or that the government failed to disclose exculpatory evidence in violation of *Brady*.

Defendant's Motion for "Summary Judgment" argues that his Emergency Motion should be granted because the government did not respond. Regardless of the government's response or lack thereof, the Court must follow the applicable rules and controlling law, as described above. Accordingly, the Court will deny Defendant's Motion for Summary Judgment.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Emergency Motion for Discovery and Enforcement of Brady Orders and Oral Motion for Discovery Granted on August 29, 2024 (Docket No. 116) is DENIED. It is further

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 118) is DENIED.

DATED this 21st day of August, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge