IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>GABRIEL GIGENA,<br><br>            Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS<br><br>Case No. 2:24-CR-228-TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on Defendant's Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions[1] and Motion for Dismissal Rule 12 Vindictive Prosecution and Selective Prosecution and CCP § 425.16 Malicious Prosecution.[2]

       The Court will deny Defendant's Motion for Sanctions. First, Rule 11 sanctions are available under Rule 11 of the Federal Rules of Civil Procedure and, accordingly, limited to civil proceedings. As this is a criminal case, the Court does not have authority to impose such sanctions. If there were some criminal counterpart, the record does not support that *the attorneys* have submitted any baseless filings. Therefore, Rule 11 sanctions would not be appropriate.[3]

---

[1] Docket No. 123.

[2] Docket No. 125.

[3] *Collins v. Daniels*, 916 F.3d 1302, 1322 (10th Cir. 2019) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts.") (internal quotation marks and citation omitted).

Regarding § 1927 sanctions, the Court finds no evidence to support that the attorneys involved in this case acted in bad faith to multiply the proceedings.[4]

The Court will also deny Defendant's Motion to Dismiss. First, a motion to dismiss is not procedurally proper at this stage of the case. The Court has previously considered defendant's "motions to dismiss" as motions for a new trial or for acquittal.[5] However, even if the Court were to do so again, such motions would be untimely. Further, the substance of the Motion does not factually or legally support Defendant's requested relief and raises arguments substantively similar to those already rejected by the Court.

It is therefore

ORDERED that Defendant's Motion for Sanctions (Docket No. 123) is DENIED. It is further

ORDERED that Defendant's Motion to Dismiss (Docket No. 125) is DENIED.

DATED this 26th day of August, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[4] *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) ("Courts need not find that an attorney subjectively acted in bad faith. Rather, any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable.") (internal quotation marks and citations omitted).

[5] Docket No. 111.