IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>GABRIEL GIGENA,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING IN PART DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT<br><br>Case No. 2:24-CR-228-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the parties' objections to Defendant Gabriel Gigena's Presentence Investigation Report (the "PSR"). Defendant raises numerous objections to the PSR.[1] One objection was raised by the government in its response to the pre-amended PSR and is disputed by Defendant. The Court addresses each objection herein.[2]

I.  BACKGROUND

On April 16, 2025, a jury found Defendant guilty of one Count of Assault on a Federal Officer in violation of 18 U.S.C. §§ 111(a)(1), 1114. Following the verdict, Defendant was permitted to represent himself and his appointed counsel withdrew.[3] Defendant subsequently filed numerous objections to the PSR. Sentencing is scheduled for August 27, 2025. The Court now issues its rulings as to the objections in advance to simplify the issues at sentencing.

---

[1] Docket No. 99.

[2] The Court does not address the paragraphs in Defendant's filing that appear to state general agreement with the PSR.

[3] Docket Nos. 97, 98.

II. DISCUSSION

Federal Rule of Criminal Procedure 32(i)(3) provides as follows:

At sentencing, the court: (A) may accept any undisputed portion of the presentence report as a finding of fact; [and] (B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.

"[T]he district court may rely on facts stated in the presentence report unless the defendant has [properly] objected to them. When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence."[4] "The government can meet its burden by either presenting new evidence at sentencing or referring to evidence presented at trial."[5] However, to "to invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy."[6] More specifically, a defendant has "an affirmative duty to make a showing that the information in the PSR was unreliable and articulate the reasons why the facts contained therein were untrue or inaccurate."[7]

A. *Defendant's Objections*

Objection 1 asserts that the Probation Officer who prepared the PSR did so in bad faith and made numerous errors. The Court will address Defendant's specific arguments regarding

---

[4] *United States v. Harrison*, 743 F.3d 760, 763 (10th Cir. 2014) (internal quotation marks and citation omitted).

[5] *United States v. McDonald*, 43 F.4th 1090, 1095 (10th Cir. 2022).

[6] *United States v. Chee*, 514 F.3d 1106, 1115 (10th Cir. 2008) (internal quotation marks and citation omitted).

[7] *McDonald*, 43 F.4th at 1095 (internal quotation marks and citation omitted).

purported errors in the PSR. However, the Court finds no evidence supporting bad faith on the part of the probation officer. This objection is overruled.

Objection 2 disputes the date of arrest stated in the PSR and argues his Indictment violated the Speedy Trial Act. The Court has previously considered and rejected this argument.[8] This objection is therefore overruled for the same reasons explained in the Court's prior order.

Objection 3 asserts that the jury was not impartial, that the jury was not properly instructed, and that that Defendant's counsel, the government, and the Court acted in bad faith and violated *Brady* and *Giglio*. Defendant does not explain the basis of his objections in this filing but instead cites to other filings where the basis is explained. The Court previously ruled on the cited-to filings and rejected the arguments raised in this objection.[9] Therefore, for the same reasons explained in the Court's prior order, the Court overrules the objection.

Objections 4, 6, and 8 appear to challenge the Court's jurisdiction. Again, based on previous filings brought by Defendant, the Court has found it has jurisdiction over this case.[10] Therefore, for reasons previously explained, the Court finds it has jurisdiction and overrules the objection.

Objection 5 disputes paragraph 6 of the amended PSR which states that Defendant was "marginally compliant" with his reporting conditions. The PSR states that Defendant failed to check in with his supervising officer for several months and that, when the supervising officer sent an email telling him that he must check in, Defendant responded that he must have been

---

[8] *See* Docket No. 111, at 8.

[9] *See id.*

[10] *See id.* at 14.

sending his check-in emails to the wrong address. He also forwarded the incorrectly addressed emails that he had sent. Paragraph 6 also states that Defendant had not yet checked in for the month of April.

Defendant first objects on the basis that he "is not required to coddle the pretrial officers and do the pretrial officer's duty to check in with the Defendant."[11] The standard conditions of release require that the Defendant report to the probation officer as directed. Further, Defendant attached to his objection a signed copy of his special conditions which state that he "must report to and comply with the rules . . . of the Pretrial Services Agency."[12] Accordingly, the Court finds that he was required to report to his probation officer at some frequency. Defendant does not dispute the accuracy of the assertion that he was instructed to report on a monthly basis or that he acknowledged this via an email when he explained that he had sent his monthly check-ins to the wrong address. This information will therefore remain in the PSR.

However, Defendant does assert that the statement that he had not yet checked in with his supervising officer in April is false. In support he attaches a text message conversation with his supervising officer. It is not clear whether this text exchange would meet the requirements of a "check-in," or the timing of this text in relation to his receipt of PSR. However, Pursuant to Rule 32(i)(3)(b), the Court finds that a ruling as to this statement is unnecessary because the matter will not affect sentencing and because the Court will not consider the matter in sentencing. Accordingly, the Court will direct the probation officer to amend paragraph 6 to remove the sentence reading "He has not yet checked in for the month of April 2025."

---

[11] Docket No. 99, at 16–17.
[12] Docket No. 99-8.

4

Objection 7 argues that paragraph 8 of the amended PSR is misleading. Paragraph 8 details a warrant that was issued for defendant's purported failure to appear on a traffic case. Defendant asserts this was an administrative error and the warrant is no longer active. The probation officer amended paragraph 8 to include a statement that the warrant was recalled and that the case is set for a hearing. This paragraph appears to reflect Defendant's assertions. Therefore, the Court will overrule the objection.

Objection 9 takes issue with paragraph 9 of the amended PSR, which explains that Defendant has an outstanding bill for his location monitoring device. Based on the text message conversation between Defendant and his probation officer, and the information provided by the probation officer in her response to Defendant's objections, the Court finds the information in paragraph 9 is sufficiently supported and will overrule the objection.

Objections 10 through 13 take issue with the paragraphs in the PSR that describe the offending conduct. Many of the arguments raised in support of these objections are unexplained and unsubstantiated assertions and legal arguments previously rejected by the Court. Further, many of these assertions seek to relitigate Defendant's guilt, which has been determined by the jury and is not the proper function of the Court at the sentencing phase. As explained above, Defendant must make specific allegations of factual inaccuracy to trigger the Court's Rule 32 fact-finding requirement. Liberally reading the objections, Defendant asserts the following details describing the offending conduct are factually inaccurate: (1) that there was a warrant; (2) that he made a statement prior to his arrest that he would bring his children back to their mother "over [his] dead body;" and (3) that the officer who was the subject of the chokehold did not sustain injuries.

First, the Court finds the evidence presented at trial supports by a preponderance of the evidence that a warrant was issued for Defendant's arrest. Notably, the parties stipulated to such at the trial. Further, numerous witnesses at trial testified that there was an arrest warrant for Mr. Gigena, which was the reason for the Task Force operation. The Court will therefore overrule the objection as to this assertion.

Second, the Court precluded evidence from trial regarding certain events leading up to the issuance of the arrest warrant. Accordingly, the trial record does not support the purported "over my dead body" statement. These assertions must be supported by the government at the sentencing. If such assertions are not supported by a preponderance of the evidence, the Court will sustain the objection.

Third, the evidence at trial supported by a preponderance of the evidence that the officer who was the subject of the chokehold— Officer Piekarczyk—sustained injuries. Officer Piekarczyk testified that after the incident, he had scrapes on his face, a bloody nose, and scrapes on his hands. Photos of these injuries were admitted into evidence. He also testified that he had significant back and neck pain, and he experienced headaches for some time after the incident. While some of these injuries could have been sustained during the tackle and not as a result of the chokehold, the testimony presented by the law enforcement officer's who testified at trial, including Officer Piekarczyk, described an aggressive and extended chokehold from Mr. Gigena and a significant struggle by Officer Piekarczyk to free himself. Considering this evidence and the injuries described by Officer Piekarczyk, the Court finds it more likely than not that Officer Piekarczyk would have sustained at least some of the testified-to injuries as a result of the chokehold. Accordingly, the Court overrules the objection as to this assertion.

Objections 15, 23, 26, 28, 30, 32, 33, 35, and 42 argue solely that the information included in the objected-to paragraphs is irrelevant. Defendant also raises relevance arguments in other objections in concert with other arguments. Sentencing hearings are not subject to the Federal Rules of Evidence.[13] Accordingly, there is no basis for a relevance objection to a PSR, which is prepared to assist the Court with its sentencing determination. The information objected to is customarily included in presentence investigation reports, as required by Fed. R. Crim. P. 32. All relevance objections are, accordingly, overruled and will not be addressed further.

Objections 16, 17, 18, 19, and 20 dispute the paragraphs addressing Defendant's offense level. These objections provide unspecific accusations such as, "confirm lack of candor," "intentional false and misleading statements," and "not applicable." Because these objections are not clear, the Court has reviewed the paragraphs generally for accuracy. Paragraph 23 provides that the base offense level is 10, which is correct under U.S.S.G. § 2A2.4(a). Paragraphs 24 and 25 add points under the Sentencing Guidelines because (1) "the offense involved physical contact" (add 3 points);[14] and (2) the officer assaulted sustained "bodily injury" (add 2 points).[15] Bodily injury means "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought."[16] The evidence described in the preceding section regarding Defendant's chokehold of Officer Piekarczyk and Officer

---

[13] *United States v. Dermen*, 143 F.4th 1148, 1228 (10th Cir. 2025) ("The Federal Rules of Evidence . . . do not apply to sentencing.") (internal quotation marks and citation omitted).

[14] U.S.S.G. § 2A2.4(b)(1)(A).

[15] U.S.S.G. § 2A2.4(b)(2).

[16] *Id.* Application Note 1; U.S.S.G. § 1B1.1, Application Note 1(B).

Piekarczyk's injuries are sufficient to support the enhancements. The offense level of 15 is correctly calculated and the Court overrules the objections.

Objection 21 asserts that Defendant should receive a two-point reduction under U.S.S.G. § 4C1.1 because he is a zero-point offender. For reasons explained below, the Defendant's criminal history is correctly calculated, this objection is therefore overruled.

Objection 22 asserts the offense level should be an 8, not a 15. Based on the Court's previous analysis of the offense level, the Court will overrule the objection.

Objections 23, 24, and 25 assert that Defendant's criminal history score should be zero and that his criminal history is "Not Relevant. Should not be presented. Attempting to unduly influence the court proceedings."[17] These objections are not sufficiently specific for the Court to address. More importantly, Defendant's objections do not dispute the truth of the criminal convictions described in the relevant paragraphs. The Tenth Circuit has found that objections that "do not claim that the facts contained in the report are untrue" are "insufficient to raise a proper objection and trigger the district court's Rule 32 fact finding obligation."[18] The Court will, accordingly, overrule the objections.

Objections 27 and 29 assert that there is no protective order in place. This is a sufficient allegation of a factual inaccuracy. The evidence presented at trial does not support this contention. The government, therefore, has the burden to support such allegation by a preponderance of the evidence at sentencing.

---

[17] Docket No 99, at 17.

[18] *McDonald*, 43 F.4th at 1095.

<u>Objection 29</u> asserts that the PSR's description of his relationship with his oldest daughter is a "false and misleading" statement. Pursuant to Rule 32(i)(3)(b) the Court finds that a ruling as to this statement is unnecessary because the matter will not affect sentencing and because the Court will not consider the matter in sentencing. Accordingly, the Court will direct the probation officer to remove paragraph 57 from the PSR.

<u>Objection 30</u> disputes the accuracy of the PSR's description of a statement purportedly made by Mr. Gigena's sister regarding a court finding that he was incompetent to stand trial. Pursuant to Rule 32(i)(3)(b) the Court finds that a ruling as to this statement is unnecessary because the matter will not affect sentencing and because the Court will not consider the matter in sentencing. Accordingly, the Court will direct the probation officer to remove the last three sentences of paragraph 59 detailing this information from the PSR.

<u>Objection 34</u> asserts that the PSR's indication that verification of his high school education is "pending" is a false and misleading statement. Pursuant to Rule 32(i)(3)(b) the Court finds that a ruling as to this statement is unnecessary because the matter will not affect sentencing and because the Court will not consider the matter in sentencing. Accordingly, the Court will direct the probation officer to remove the words "(verification pending)" from paragraph 64 of the PSR.

<u>Objections 37 and 38</u> assert invasion of privacy and violation of the Fair Credit Reporting Act. The Court will overrule these objections as they are not sufficiently explained or supported. Further, the PSR is a sealed document and is not available to the public.

<u>Objection 39</u> is repetitive of other overruled objections regarding Mr. Gigena's applicable guideline range. Accordingly, the Court will overrule the objection.

<u>Objection 43</u> states that a downward departure is warranted. This is not an objection. Mr. Gigena will have the opportunity to make this argument at sentencing.

<u>Objection 44</u> asserts that the probation officer falsely states that his criminal history includes violence and assaults and again asserts that there is not a valid protective order entered against him. The PSR includes the available details of Defendant's criminal convictions, which is of significant importance to the Court's sentencing determination. The Court does not need to rely on the probation officer's characterization of Defendant's criminal history at sentencing. Pursuant to Rule 32(i)(3)(b) the Court finds that a ruling as to this statement is unnecessary because the matter will not affect sentencing and because the Court will not consider the matter in sentencing. Accordingly, the Court will direct the probation officer to remove this information from the PSR. Specifically, the Court directs the probation officer to remove the word "violent" from paragraph 13 of the PSR and, from the last paragraph of paragraph 91, the words "that involve violence and sexual assault."

<u>Objections 45 through 47</u> assert that no supervised release conditions are applicable to Defendant. Defendant will have an opportunity at his sentencing to argue that a term of probation or supervised release should not be imposed. If such a term is imposed, the mandatory and standard conditions of release will be applicable. Regarding the special conditions proposed by the probation officer, Mr. Gigena seems to again assert unsupported jurisdictional arguments. The Court has reviewed the three special conditions proposed by the probation officer and finds that they each meet the requirements of 18 U.S.C. § 3583(d) for the reasons described by the probation officer. The objections are, accordingly, overruled.

*b. The government's objection*

The addendum to the PSR states that the government raised one objection to the pre-amended PSR wherein the government asserted that Defendant should be assessed criminal history points based on the actual date of the sentence for the conviction described in paragraph 38 of the PSR. Defendant's response is also included in the PSR. The legal arguments raised in the response are largely unclear to the Court. Notably, however, Defendant does not appear to dispute that the conviction occurred or that the conviction occurred on the date asserted. Absent a specific allegation of factual inaccuracy, the Court will not require an evidentiary showing by the government.

Under U.S.S.G. § 4A1.2(e), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." "Sentence of imprisonment . . . refers to the maximum sentence imposed."[19] Paragraph 38 states that the conviction described occurred in November of 2007 and resulted in a sentence of three-years of incarceration. This would bring Defendant's time of imprisonment to within the 15-year time period of the charged conduct before this Court, which occurred in May, 2024. Inclusion of the three points assessed for this conviction is therefore proper under the Sentencing Guidelines and the Court will sustain the government's objection. Because the probation officer agreed with the government and made the requested change, no further amendment is needed as to this issue.

---

[19] U.S.S.G. § 4A1.2(b)(1).

## III. CONCLUSION

For the reasons discussed herein, the Court overrules in part and sustains in part Defendant's objections, and sustains the government's single objection.

SO ORDERED

DATED this 26th day of August, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge